UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE OAKLEY CLAY,

        Petitioner,

v.                                                Case No. 11-13868

DAVID BERGH,

        Respondent.
                                        /

**ORDER DENYING PETITIONER'S MOTION
TO SUPPRESS AND FOR EVIDENTIARY HEARING**

Michigan prisoner Maurice Oakley Clay has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. This matter is before the court on Petitioner's "Motion to Suppress and for Evidentiary Hearing" on his habeas claims. He essentially seeks review of the evidence from his criminal proceedings and proper consideration of his legal arguments.

Rule 8(a) of the Rules Governing 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Neither an evidentiary hearing nor "suppression of evidence"—a criminal law Fourth Amendment concept—is required. Respondent has submitted the transcripts and documents relevant to the determination of the petition, and it appears that

Petitioner's habeas claims can be decided based upon the existing record before the court. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Moreover, the Supreme Court has made clear that federal habeas review under 28 U.S.C. § 2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Consequently, Petitioner is precluded from injecting information that was not presented to the state courts into the present proceeding. *See, e.g., Hanna v. Ishee*, 694 F.3d 596, 606 (6th Cir. 2012) (stating that even if a court conducted an evidentiary hearing on a claim adjudicated by the state court, it would have to "disregard newly obtained evidence").

Additionally, it does not appear that an evidentiary hearing is warranted under 28 U.S.C. § 2254(e)(2), which applies only to claims which have not been adjudicated on the merits in the state courts. *Keeling v. Warden*, 673 F.3d 452, 464 (6th Cir. 2012) (affirming denial of evidentiary hearing). That provision states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner has made no such showing. Accordingly,

Petitioner's motion to suppress and for an evidentiary hearing is DENIED. Should the court, upon further consideration of this matter, determine that an evidentiary hearing is required, the court will enter an appropriate order. Petitioner need not file any additional motions that address this issue.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: October 24, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-13868.CLAY.OrderDenyingMotSupressandEvidHearing.jac.RHC.wpd

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-13868.CLAY.OrderDenyingMotSupressandEvidHearing.jac.RHC.wpd